UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDSEL PETTIFORD, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>CARL CABANA, *et al.*, )<br>)<br>    Defendants ) | CAUSE NO. 3:07-CV-582 RM |

OPINION AND ORDER

Edsel Pettiford, a *pro se* prisoner, filed a complaint[1] under 42 U.S.C. §1983. A diabetic, Mr. Pettiford alleges the defendants denied him medically-prescribed, diabetic meals at various times between September 2005 and September 2006 while he was held at the Indiana State Prison (ISP); he is now at Newcastle Correctional Facility where he was transferred in September 2006. Mr. Pettiford claims the situation at ISP "continue[s] to exist" at Newcastle where he is not listed to receive his prescribed diet and is forced to eat regular meals.

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act

---

[1] One page of the complaint apparently is missing from Mr. Pettiford's submissions, but that omission from the 16-page complaint didn't affect the court's ability to fully comprehend and analyze the procedural aspects of Mr. Pettiford's claims.

>limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

George v. Smith, ___ F.3d ___, ___, 2007 U.S. App. LEXIS 26128, 2-3 (7th Cir. 2007).

Although this case doesn't involve the "morass" of claims and defendants presented in *George*, it is similar to George nevertheless because Mr. Pettiford is improperly attempting to bring unrelated claims in one case.

With respect to the occurrences at ISP, the complaint names as defendants the supervisor of the private, food-service provider, the ISP warden, the ISP infirmary administrator, three counselors employed at ISP, as well as a nurse and physician also employed at ISP. (DE #1, § I & § III at ¶¶6-14). As for the Newcastle claims, Mr. Pettiford cites a physician employed at Newcastle along with Jane and John Doe 1, the unidentified dietician supervisor also employed at Newcastle (DE #1, § III at ¶¶14-15, Exs. 2&3). Mr. Pettiford thoroughly detailed the events that occurred at ISP including the dates he requested the prescribed meals, the responses he received or did not receive. He also noted the harm that resulted: increased blurred vision, weight loss and varying blood sugar level. (DE #1,§V at ¶¶18-37,§VI at ¶¶41-49). After his September of 2006 transfer to Newcastle, Mr. Pettiford says. the circumstances that gave rise to his claims at ISP "continue to exist". He explains that he saw a doctor at Newcastle who assured him that his name would be put on the list to receive the prescribed meals but that has not happened. (DE #1,§V at

¶¶38-40).

The complaint clearly addresses the actions of different defendants at different times and in different places. One series of events took place at ISP and the other at Newcastle. As George instructs, the court must question this and reject it. Mr. Pettiford may bring only properly related claims in this case. The ISP and the Newcastle claims cannot be brought together in a single case.

Only one set of these claims may be brought in this case. Newcastle Correctional Facility is located within the geographical boundaries of the United States District Court for the Southern District of Indiana. Contrary to Mr. Pettiford's assertion, venue is not properly in this court under 28 U.S.C. §1391(b)(1) as to the events that allegedly took place in Newcastle. Consequently, those charges cannot be pursued here and must be dismissed. Mr. Pettiford may file an action to address those claims in the Southern District.

That leaves only the claims based upon events that allegedly took place when Mr. Pettiford was at ISP. A prisoner may not bring a civil action *in forma pauperis* if he has

> "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

The records of the United States District Court for the Northern District of Indiana confirm that the disposition of two cases filed by Mr. Pettiford qualified as "strikes" within the meaning of §1915(g):

3

      (1) 3:94-CV-0172, dismissed November 9, 1994;
      (2) 3:00-CV-0140, dismissed April 14, 2000.

The records of the United States Circuit Court of Appeals for the Seventh Circuit confirm that the disposition of an appeal filed by Mr. Pettiford qualified as a "strike" within the meaning of § 1915(g):

      (3) 95-1366, affirmed April 26, 1996.

The records of the United States District Court for the Southern District of Indiana confirm that the disposition of three cases filed by Mr. Pettiford qualified as "strikes" within the meaning of §1915(g):

      (4) IP 92-C-1519-M/G, dismissed November 17, 1992;
      (5) IP 94-C-0867-M/F, dismissed August 12, 1994;
      (6) IP 95-C-1121-M/S, dismissed March 4, 1996.

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996). This exception is reserved for "genuine emergencies" where "a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury' . . .." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002).

Mr. Pettiford was transferred from ISP more than a year ago. The complaint involves acts alleged to have occurred when Mr. Pettiford was there between September 2005 and September 2006. By definition, former conditions Mr. Pettiford may have endured at ISP no longer pose an "imminent danger of serious physical injury." See Ciarpaglini v. Saini,

4

352 F.3d 328, 330 (7th Cir.2003)(allegations of past harm are insufficient to state "imminent danger"). Consequently, the court finds Mr. Pettiford has not made the necessary showing to proceed under the partial payment option as to the alleged events at ISP.

Therefore, the court:

(1) **DISMISSES** the claims based upon acts which took place at Newcastle Correctional Facility (DE #1);

(2) **DISMISSES** defendants Dr. Eli, Jane Doe 1, and John Doe 1;

(3) **GRANTS** Edsel C. Pettiford to and including December 31, 2007 to pay the $350.00 filing fee; and submit the missing page of the complaint, being page #14; and

(3) **CAUTIONS** Edsel C. Pettiford that if he does not respond by that deadline, this case will be closed without further notice and without affecting his obligation to pay the filing fee for this case in installments.

SO ORDERED.

ENTERED: December  5 , 2007

                                              /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court